NUNNALLY et al. v. ROBINSON et al.

(Supreme Court, Appellate Division, First Department. June 15, 1906.)

1. DESCENT AND DISTRIBUTION — INCUMBERED PROPERTY — FORECLOSURE OF MORTGAGE—REMEDY OF HEIRS.

Where the heirs at law of a deceased mortgagor in a mortgage of real estate situated in a sister state were not parties to the foreclosure of the mortgage, their remedy was to sue for the possession of the property in the courts of the sister state.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution, § 351.]

2. MORTGAGES—FORECLOSURE—CONCLUSIVENESS.

Where heirs at law of a deceased mortgagor in a mortgage of real estate situated in a sister state were parties to the foreclosure of the mortgage, the decree is conclusive as against them, and their interest in the property is cut off by the foreclosure.

[Ed. Note.—For cases in point, see vol. 35, Cent. Dig. Mortgages, §§ 1472, 1685.]

3. DESCENT AND DISTRIBUTION—COLLECTION OF PERSONAL PROPERTY—RIGHT OF ADMINISTRATOR.

An administrator is the proper party to recover personalty belonging to the estate of the intestate, and the heirs at law have no cause of action therefor.

[Ed. Note.—For cases in point, see vol. 16, Cent. Dig. Descent and Distribution §§ 359, 360; vol. 22, Cent. Dig. Executors and Administrators, §§ 342, 1672.]

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Florence Nunually and others against Charles D. Robinson, as receiver of the Mercantile Co-operative Bank, and others. From an interlocutory judgment sustaining a demurrer to the complaint, plaintiffs appeal. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Andrew Foulds, Jr., for appellants.
Edmund S. Hopkins, for respondents.

INGRAHAM, J. The plaintiffs are heirs at law and next of kin of William A. Nunnally, deceased, who died intestate on November 1, 1892, a resident of the state of New Jersey, leaving the defendant Mary Nunnally his widow, and the plaintiffs and the defendant Longley Nunnally his next of kin and heirs at law. At the time of his death the deceased was the owner of certain real property in the state of New Jersey subject to a mortgage of $8,200, which was held by the defendant Curtis as executor, and personal property of the value of $5,000 and upwards. Letters of administration were issued to the defendant Mary Nunnally as widow of the deceased by the probate courts of the state of New Jersey. There was a domestic corporation known as the "Mercantile Co-operative Bank," of which the defendant Robinson is the receiver. The complaint alleges that about the year 1896 the defendants Mary Nunnally and Longley Nunnally were induced by the false and fraudulent representations of this Mercantile Co-operative Bank to do and permit to be done various acts in furtherance of a conspiracy and plan to said corporation, together with the defendant Jeremiah W. Curtis, individually and as executor, to divest the plaintiffs of their lawful interest in the estate of the said William N. Nunnally, and to divert the same to the use of the said Mercantile Co-operative Bank; that in pursuance of this conspiracy and plan a suit was brought to foreclose the mortgages held by the said Curtis as executor of the real estate in New Jersey, and that in pursuance of a decree in said foreclosure proceedings the property was purchased at the said sale by said Curtis as executor for the sum of $6,000, leaving a balance due said Curtis of about $4,000 deficiency; that subsequently Curtis conveyed this property thus purchased to the defendants Longley and Mary Nunnally at a stated consideration of $11,000, and subsequently the defendants Longley and Mary Nunnally executed a mortgage on said property to Curtis as executor in the sum of $8,200; that in further pursuance of said conspiracy and plan, on or about the 15th day of May, 1897, in the state of New Jersey, said Longley and Mary Nunnally executed a second mortgage on said property to the said Mercantile Co-operative Bank to secure the sum of $12,400, and the same debt was also secured by a chattel mortgage covering the household furniture situated in the house on said property, which personal property consisted of assets of the estate of the testator; that the consideration of this mortgage was the assumption by the corporation of the Curtis mortgage of $8,200, the payment by the bank to said Curtis, as executor, of $1,800, an alleged indebtedness of Longley Nunnally to the said executor, and the issuance of 124 shares of the stock of the said bank to the said Longley Nunnally as a borrowing member thereof, upon terms set forth in said mortgages, and that, as this chattel mortgage covered property of the estate, it was void. The complaint then sets up certain statutes of the state of New Jersey in relation to corporations doing business in that state, and alleges that the said mortgages, contracts, and transactions were made and entered into in the state of New Jersey, and provided for the payment of more than the legal rate of interest under the laws of that state; that subsequently Longley Nunnally failed

to comply with his contract with the said bank, and thereupon the
bank took·possession of the personal property covered by the chattel
mortgage, and commenced an action to foreclose the mortgage upon
the real estate. It is further alleged that, by the interlocutory judg-
ment entered in that foreclosure suit, the bank was directed first to
sell the shares of stock held by Longley Nunnally, and to credit the
proceeds of such sale or the withdrawal value of said stock upon the
mortgage before proceeding with the sale of the real estate; that
there was received by the said bank upon the said foreclosure sale and
upon the sale upon said personal property the sum of $1,500 and up-
wards over and above the amount of the alleged mortgage debt and in-
terest and all expenses and costs of the foreclosure and sale, and that
in addition thereto there should have been realized from the sale of
said stock the sum of about $1,500, or the withdrawal value of the
same, in like amount, which should have been credited; that the said
surplus has never been accounted for or paid into court in pursuance
of said decree in foreclosure, and that demands have been made against
the receiver of the said bank for an accounting; and the plaintiffs ask
judgment compelling the defendants Longley and Mary Nunnally,
and each of them, to discover and disclose the full details of the trans-
action, whereby the legal title to said real property was transferred
to said Longley, including any and all payments made to said defend-
ant, Curtis, individually or as executor, by said Longley and Mary
Nunnally, or either of them, or by any person in their behalf, and
compelling the said Longley to account for the moneys and the value
of the property wrongfully under his control, and unlawfully paid out
and disposed of by him, and declaring that said property so held by
him, was so held in trust for the plaintiffs, and compelling the defend-
ant Robinson to account for the sums of money and other considera-
tions paid by the Mercantile Co-operative Company to and received by
it from each of the defendants, and for other relief. The defendant
Robinson, as receiver, demurred to this complaint upon the ground that
it did not state facts sufficient to constitute a cause of action, which
demurrer was sustained.

Upon this appeal the plaintiffs seem to have abandoned any claim
that there was a cause of action except as against the defendant Robin-
son as receiver for an accounting for the moneys received upon the
foreclosure sale, but upon these allegations it is clear that the title
of the defendant Curtis to the property acquired upon the sale and
foreclosure of the real property in the state of New Jersey cannot
be questioned in this court. The property is in New Jersey. It ap-
pears in the complaint that the property was foreclosed and sold under
a decree of the courts of New Jersey. It is not alleged that these
plaintiffs were not parties to that foreclosure suit, and nothing is al-
leged to show that Curtis did not acquire by that suit a good title to
the property. There is a general allegation of fraud and conspiracy,
but no facts are alleged upon which such allegations can be based,
and there is nothing to impeach that sale, or to justify these plaintiffs
as heirs at law of the testator in attacking that proceeding. If they are
not parties to the foreclosure suit, their proper remedy is to sue for

the possession of the property in which they had an interest in the courts of New Jersey. If they were parties, the decree in that suit is conclusive as against them, and their interest in the property is cut off by the foreclosure. So far as this personal property is concerned, upon which it is alleged one of the defendants gave a chattel mortgage to the bank, of which property the bank subsequently took possession, if that property belonged to the deceased, the title to it vested in his administratrix. The action is not brought to enforce the right of the estate to the property. If that property belonged to the estate, the administratrix is the proper party to recover it, and these plaintiffs have no cause of action as next of kin of the deceased. There is nothing, therefore, to justify any judgment against the defendant Robinson as receiver, and the demurrer was properly sustained.

It follows that the appeal from the decision must be dismissed, with costs, and judgment appealed from affirmed, with costs, with leave to plaintiffs to amend the amended complaint upon payment of costs in this court and in the court below.

O'BRIEN, P. J., and McLAUGHLIN and CLARKE, JJ., concur. HOUGHTON, J., dissents.